LINDEN v. THIERIOT et al.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

1. CONTRACTS—CONSIDERATION.

Plaintiff alleged that, being the owner of certain bonds, she delivered them to defendant on his advising a change of investment, and agreeing that he would sell the bonds and reinvest the proceeds in other securities selected by him, and guarantying plaintiff that she should sustain no loss,

and that defendant would, at any time plaintiff might desire, take back such other securities so purchased by him, and return to plaintiff the amount which he might receive; that defendant sold said bonds for a large amount and bought other stock which was worthless, and had refused to make good the loss. *Held*, that the alleged guaranties were an essential part of the contract, and, unless proved, plaintiff had no cause of action.

2. SAME—EVIDENCE—SUFFICIENCY.

In an action on an alleged contract under which plaintiff claimed to have delivered certain bonds to defendant for sale and reinvestment of the proceeds under a guaranty to make good any resulting loss, evidence examined, and *held* insufficient to establish the guaranty.

Appeal from Trial Term, New York County.

Action by Emily Linden against Ferdinand M. Thieriot and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, HOUGHTON, and SCOTT, JJ.

Charles H. Ayres, Jr., for appellants.
L. Laflin Kellogg, for respondent.

SCOTT, J. This appeal brings up for consideration only the third cause of action contained in the complaint, upon which alone the plaintiff has recovered. In the cause of action, after setting up forth the death of Peter Marie, and the appointment of defendants as her executors, the plaintiff alleges: That she was prior to the death of said Peter Marie the owner of six bonds of the Chicago Gas Light Company and eight bonds of the Retsoff Mining Company, all of which were of the value of $1,000 each; that prior to January 1, 1901 (limited by the bill of particulars to 1896 or 1897, or the year 1898 prior to September 26), Peter Marie stated to plaintiff that he advised a change of the investment represented by said bonds, and that if plaintiff would deliver the same to him he would sell the bonds and reinvest the proceeds in other securities to be selected by him, and would guaranty the plaintiff that she should sustain no loss at any time by reason of the said reinvestment, or by reason of any depreciation in the value of such other securities as he might purchase with the proceeds of said bonds, and that he further guarantied to the plaintiff that he would, at any time that plaintiff might desire, and on demand, take back such other securities so purchased by him and return to plaintiff the amount which he might receive upon the sale of said bonds; that in reliance upon said promises and agreements she delivered said bonds to said Marie, who sold them for not less than $14,000, and bought with the proceeds 20,000 shares of the stock of the Inez Gold & Silver Mining Company, which stock then was and now is valueless; that but 10,000 shares of this stock were delivered to plaintiff, the remainder being retained by said Marie; that plaintiff has tendered said 10,000 shares of the Inez Company to defendants and demanded repayment of the sum of $14,000, which was refused, and that thereupon plaintiff sold said shares at public auction, after notice to defendants, and realized therefor but $100. Upon these allegations she claims to have suffered

damages to the extent of $13,000 with interest, for which she has re-
covered judgment.

It is to be observed that in order to recover upon this cause of action
it is necessary for plaintiff to prove not only that she delivered the
Chicago Gas and Retsoff bonds to Marie for sale and reinvestment, but
also that he made the particular guaranties alleged, for, unless he did in
fact guaranty her against loss and agree to repurchase the stock, it
is evident that plaintiff has no cause of action. The fact that she owned
the bonds, and gave them to Marie for sale and reinvestment, and that
he did sell them and reinvest in securities which afterwards proved to
be valueless, would neither satisfy the cause of action set up in the com-
plaint, nor create any cause of action at all, except perhaps for the
possession of the 10,000 shares of Inez stock said to have been retained
by Mr. Marie. A former judgment for plaintiff was reversed by
this court on the ground that the verdict was against the evidence (105
App. Div. 405, 94 N. Y. Supp. 246). In the opinion then delivered the
court dwelt mainly upon the insufficiency of the evidence offered to
show that plaintiff ever delivered the bonds to Marie. The evidence
now presented does not differ in any essential particular from that con-
sidered upon the former appeal, except that plaintiff's husband, who is
her principal witness, has somewhat modified his former evidence,
although he does not yet fully meet the criticism of the court as ex-
pressed in its former opinion. But even if plaintiff had satisfactorily
proven, as she did not, the delivery of the bonds to Marie, and their
sale by him and the reinvestment of the proceeds in Inez stock, it
was still necessary to her cause of action that she should prove the par-
ticular guaranties and promises upon which she relies. Of such proof
we are unable to find a trace in the evidence. Plaintiff attempted to
fix the date of the alleged delivery of the bonds to Mr. Marie and his
guaranty at some time in the spring of 1898, striving to corroborate the
story by saying that he went abroad that summer, and before going
gave her a promissory note for $15,000, payable at his death, and to
which as it is said his nephew was a witness. The note is not produced,
and the nephew denies most positively that he ever knew of or wit-
nessed any such note, while it is conclusively proved that Mr. Marie did
not go abroad at all in that summer. But even if such a note had been
given upon the delivery of the bonds and under the circumstances
stated, it would justify no inference of such guaranties as are set forth
in the complaint. At most it could only be inferred that it was in-
tended to stand for and represent the bonds until they could be sold
and the proceeds reinvested. It appears that Mr. Marie did buy Inez
stock, and that on September 26, 1898, he gave an order on his broker
to deliver 20,000 shares to plaintiff, so the transaction, whatever it was,
was completed at that time, and up to that time there is no evidence
even suggesting that such guaranties were given as are alleged in the
complaint.

The only other evidence bearing even remotely upon any such
guaranties is the fact that sometimes, when for any reason the dividends
on plaintiff's securities were reduced, Mr. Marie made up the amount of
such reduction to her, and two conversations testified to by plain-

tiff's husband and sister, in which, referring to quite other investments, Mr. Marie is quoted as saying that if the value of certain stocks fell off the loss would fall on him, and that he would protect plaintiff as he had always done. These conversations are said to have taken place three or four years after the alleged guaranty is said to have been given, and obviously do not serve to sustain the allegations of the complaint with regard to the guaranties relied upon. Upon a most essential feature of the plaintiff's claim her case stands, therefore, without proof, and consequently there was nothing to submit to the jury.

The complaint should have been dismissed. Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.